# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: <br>     SYLVIA NGOZI EMIABATA <br>     *Debtor.* | : <br> : <br> : <br> : | Case No.: 21-30197(AMN) <br> Chapter 13 |
| SYLVIA NGOZI EMIABATA <br> and PHILIP EMIABATA, <br>     *Plaintiffs* | : <br> : <br> : <br> : | |
| v. <br>     SPECIALIZED LOAD SERVICING, <br>     THE BANK OF NEW YORK TRUST <br>     COMPANY, <br>     JP CHASE BANK, <br>     AVAIL I LLC, <br>     BARRETT DAFFIN FRAPPIER TURNER <br>     & ENGEL, and <br>     GMAC MORTGAGE CORPORATION, <br>     *Defendants* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | AP Case No: 21-03010 <br><br><br><br><br><br><br> RE: AP-ECF Nos. 70, 71. |

## MEMORANDUM OF DECISION AND ORDER
## <u>DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 11</u>

On May 16, 2022, the plaintiff Sylvia Ngozi Emiabata ("plaintiff"), proceeding *pro se*, filed two motions for the imposition of Rule 11[1] sanctions based on alleged conduct arising in the underlying Chapter 13 bankruptcy case. AP-ECF Nos. 70, 71.[2] In the first Rule 11 motion, ECF No. 70, the plaintiff seeks Rule 11 sanctions against creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for MTGLQ Investors, L.P., (the "Creditor") and its counsel, Robert J. Piscitelli, for failing to disclose material information to the court when Attorney Piscitelli filed a motion for relief from stay, ECF No. 63, on behalf of the Creditor in the underlying Chapter 13 bankruptcy case. AP-ECF

---

[1]     Fed.R.Bankr.P. 9011 is adopted from Rule 11 of the Federal Rules of Civil Procedure. *In re D&G Construction Dean Gonzalez, LLC*, 635 B.R. 232 (Bankr. E.D.N.Y. 2021).

    [2] Citations to the docket in the underlying Chapter 13 bankruptcy case no. 21-30197 are denoted "ECF No. ___" and citations to the docket in this adversary proceeding case no. 21-03010 are denoted "AP-ECF No. ___."

No. 70.  The plaintiff also attached a memorandum of law in support of the first Rule 11 motion.  AP-ECF No. 70.  In the second Rule 11 motion, AP-ECF No. 71, the plaintiff seeks sanctions against an unnamed defendant, unnamed counsel, and did not allege any facts for the court to consider.  AP-ECF No. 71.  The plaintiff also failed to file a memorandum of law in support of the second Rule 11 motion in accordance with D.Conn.L.Civ.R. 7 and Local Bankr. R. 7007-1.

The court notes that Attorney Piscitelli was not named as a defendant in the adversary proceeding cover sheet, nor in the caption of the complaint.  AP-ECF No. 18.  While the court recognizes the plaintiff's *pro se* status, she is still required to inform herself of procedural rules and comply with them.  *Edwards v. I.N.S.,* 59 F.3d 5, 8 (2d Cir.1995); *Faretta v. California,* 422 U.S. 806, 834 n. 46 (1975) ("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law."); *Stajic v. INS,* 961 F.2d 403, 405 (2d Cir.1992) (per curiam).

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).  Rule 11 and principles of due process require that "the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense."  *Gabayzadeh v. Khodabakhsh*, 2020 WL 1140742 (S.D.N.Y 2020) (quoting *Star Mark Mgmt., Inc.*, 682 F.3d at 175).  Only conduct explicitly referred to in the instrument providing notice is sanctionable."  *Star Mark Mgmt., Inc.,* 682 F.3d at 175.  Under Rule 11's "safe harbor provision," the sanctions motion "must not be filed or be presented to the court if the challenged paper, claim,

defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed.R.Civ.P. 11(c)(2). Compliance with the service requirement is a mandatory pre-requisite to an award of sanctions. 10 Collier on Bankruptcy P 9011.05 (16th ed. 2022); *Star Mark Mgmt., Inc.,* 682 F.3d at 175) (concluding that an informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21–day safe harbor period.).

Here, both Rule 11 motions fail because the plaintiff did not demonstrate compliance with the safe harbor provision of Rule 11 by serving the motion, allowing 21 days to elapse before filing her Rule 11 motions with the court, and making her compliance known to the court. Further, the plaintiff should have filed her Rule 11 motions in her underlying Chapter 13 bankruptcy case and not in this adversary proceeding because the alleged sanctionable conduct occurred there, and not here. The plaintiff cannot seek imposition of Rule 11 sanctions of a person who has not appeared in – and is not a party to -- this adversary proceeding. If the plaintiff wishes to add a party defendant to this adversary proceeding, she will need to amend her complaint and adversary proceeding cover sheet, and, comply with Fed.R.Bankr.P. 7004.

The plaintiff's second motion, ECF No. 71, also fails because it does not identify the parties against whom sanctions are sought, nor include any facts for the court to consider. Considering the deficiencies in both Rule 11 motions, AP-ECF Nos. 70 and 71, and providing due deference to the plaintiff's *pro se* status, it is hereby

**ORDERED:** That, both Rule 11 motions, ECF Nos. 70 and 71, are denied.

Dated this 3rd day of June, 2022, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut